IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

JESUS GERARDO LEDEZMA-CEPEDA (01),
ET AL

Criminal No.  4:14-CR-151-Y

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS

The government respectfully objects to the defendant's Motion for Bill of
Particulars[1] because it requests particularization beyond that required by law.  In support
of its objection, the government states the following:

**I.   Background**

On September 10, 2014, a federal grand jury returned a sealed two-count
indictment charging six individuals with one count of interstate stalking and aiding and
abetting, pursuant to 18 U.S.C. §§ 2261A and 2, and one count of conspiracy to commit
murder for hire, pursuant to 18 U.S.C. § 1958.  The above named defendants are the only
individuals among the six charged that have been apprehended.  As a result, the
remaining three defendants' identities are still under seal, due to their fugitive status.

On January 13, 2016, a federal grand jury returned a second superseding
indictment, to which the defendant now complains.

---

[1] Denial of a bill of particulars cannot be reversed on appeal unless there was clear abuse of
discretion on the part of the trial court or unless the defendant was actually prejudiced by surprise at trial.
*Wong Tai v. United States*, 273 U.S. 77, 81-82 (1927).

In the government's second superseding indictment the fugitive defendants' identities

remain sealed, as did content on pages five through ten, which only pertains to the

fugitive defendants.   The defendant seeks a bill of particulars alleging:

1. The government has not provided the defendants *any* discovery or *other notice* that identifies the identity of the sealed co-defendants.

2. The second superseding indictment fails to provide the defendants notice of what alleged illegal acts they must defend against because it contains "redacted" portions.

3. Count One of the second superseding indictment is "defective" because it fails to provide the defendants with notice of the specific acts the defendants committed that placed J.J.G.C. in reasonable fear of death or serious bodily injury.

4. Count Two of the second superseding indictment is "defective" because it fails to provide the defendants with notice of the specific particular manner and means by which this "conspiracy" was to operate, fails to identify any specific act supposedly taken in furtherance of the conspiracy, or of the respective roles of each of the defendants.

## II. <u>Argument and Analysis</u>

Contrary to the defendant's allegation that the government has failed to provide

"any discovery or other notice" that identifies the sealed defendants' identities, the

defendants have had copies of all of the discovery in this matter, including computer hard

drives, cell phone records, and thousands of pages of reports, for quite some time.

Although the individuals named in the sealed portion of the indictment are referenced

throughout discovery, because of the nature of the case and the fact that those defendants

remain fugitives, the government will not explicitly identify the redacted defendants

unless ordered to do so by the Court.

The second superseding indictment is sufficient and the defendant's motion for a bill of particulars should be denied because it is devoid of merit.  An indictment must allege each material element of the offense.  An indictment is sufficient when it fairly informs the defendant of the charges and further ensures that there is no risk of future prosecutions for the same offense.  *United States v. White*, 258 F.3d 374, 379 (5th Cir. 2001); *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994).   The test is not whether the indictment could have been drawn more exactly, but whether it conformed to minimal constitutional requirements.  *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986).  In this case, the three-count indictment closely tracks the statutory language of each alleged violation and clearly describes the essential elements.[2]

The function of a bill of particulars is to inform a defendant of the charges against him with sufficient precision to allow him to prepare a defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a subsequent prosecution for the same offense.  *United States v. Harbin*, 601 F.2d 773, 778 (5th Cir. 1979); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).  A bill of particulars does not permit generalized discovery.  *United States v. Galindo*, 2001 WL 681714, at *1 (W.D. Tex. January 25, 2001) (citing *Davis*, 582 F.2d at 951).  It is not the function of a bill of particulars to force the government to disclose its evidence in detail to the defendant. *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

---

[2] The defendant argues that the second superseding indictment is "defective."  However, information provided in a bill of particulars will not cure a "defective" indictment. *Russell v. United States*, 369 U.S. 749, 770 (1962).

Nor is it the function of a bill of particulars to provide the defendant with a detailed disclosure of the government's legal theory of the case. *See United States v. Gaytan*, 74 F.3d 545, 552 (5th Cir. 1996) (reasoning that precise dates, locations of acts alleged, and the names of unindicted co-conspirators are not necessary so long as the indictment provides the defendant with notice of what offense is charged); *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982) (reasoning that a bill of particulars cannot compel revelation of the government's full theory of the case or all evidentiary facts); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (holding, in a narcotics case, that the district court properly denied requests for identities and addresses of unindicted co-conspirators, dates and locations of acts in furtherance of the conspiracy, and information regarding quantities of controlled substances); *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973) (affirming, in a mail fraud conspiracy, the district court's denial of requests for all other overt acts not set forth in the indictment, names of people involved in overt acts, and locations and times of accidents); *United States v. Heldon*, 479 F. Supp. 316, 323 (E.D. Pa. 1979) (denying, in a narcotics conspiracy, requests for (1) times and places at which the defendants possessed, distributed, or conspired to possess drugs, (2) names of persons to whom drugs were delivered, (3) the defendant's acts and statements which furthered the conspiracy, (4) names of witnesses who attended meetings, and (5) overt acts not listed); *see also United States v. Armocida*, 515 F.2d 49, 54 (3rd Cir. 1975) (holding, in a heroin conspiracy, that a request for "when, where and how" overt acts were committed, was properly denied).

The government has already provided countless CD's, hard drives, and paper copies of reports and evidence seized.  This information covers the majority of the information the defendant has requested.  It is not the government's burden to explain the significance of the evidence prior to trial, nor to lay out its legal theory.  The defendant will be provided with all of the evidence (i.e. exhibits) the government intends to use in his upcoming trial in advance of the trial date.  As a result, the necessity for a bill of particulars has been eliminated since the defendants have obtained equivalent information by other means.  *See*, *e.g.*, *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery also obviates the need for a bill of particulars.").

The instant indictment provides the defendant with sufficient notice to allow him to prepare his defense, protect the defendant from any unfair surprise, and enables the defendant to plead double jeopardy in the event of later prosecution.  While the government believes the second superseding indictment alone is sufficient to apprise the defendant of the charges against him, the voluminous amount of discovery that the defendants have either received or has been made available for them to review, more than adequately apprise the defendants of the nature of the charges.

There is no need for a bill of particulars.  Therefore, the government requests that the court deny the defendant's Motion for Bill of Particulars.


Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY


*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney
State Bar No. 24001809
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:  817-252-5200
Facsimile:  817-252-5455

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

*s/ Joshua T. Burgess*
JOSHUA T. BURGESS
Assistant United States Attorney