IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | ACTION NO. 4:14-CR-151-Y |
| | § | |
| JESUS GERARDO LEDEZMA-CEPEDA (1) | § | |
| JOSE LUIS CEPEDA-CORTES (3) | § | |

## ORDER DENYING MOTION TO SUPPRESS "ALTERNATIVE PERPETRATOR" EVIDENCE BUT GRANTING LIMINE ORDER

Pending before the Court is the government's Sealed Motion to Suppress Evidence Suggesting Others had a Motive to Kill Victim (doc. 212). In the motion, the government seeks "to prevent the defendants from presenting evidence that there were many people that might have wanted to kill the victim." (Govt.'s Mot. to Suppress (doc. 212) 1.) After review of the motion, defendant Cepeda-Cortes's response, and the applicable law, the Court concludes that the motion should be and hereby is DENIED to the extent it requests a pretrial exclusion of all evidence that Defendants may seek to introduce regarding others who may have wanted to kill "J.J.G.C." (Second Superseding Indictment (doc. 158) 2, 3, 4.)

Nevertheless, because of the evidentiary hurdles Defendants must satisfy prior to obtaining admission of such evidence, the Court concludes that a limine order is appropriate. *See United States v. Settle*, 267 F. App'x 395, 398 (2008) ("Evidence of third-party guilt is admissible if the evidence by itself or along with other evidence demonstrates a nexus between the third party and the crime charged. . . . This nexus, however, cannot be speculative because 'speculative

blaming intensifies the grave risk of jury confusion, and it invites the jury to render its finding based on emotion or prejudice.'") (quoting *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007)); *see also Holmes v. South Carolina*, 547 U.S. 319, 327-28 (2006) (noting that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. . . . A specific application of this principle is found in rules regulating the admission of evidence proffered by criminal defendants to show that someone else committed the crime with which they are charged . . . . '[Such evidence] may be excluded where it does not sufficiently connect the other person to the crime, as for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial.'") (quoting 40A AM. JUR. 2D *Homicide*, § 286, at 136-138 (1999)).

As a result, Defendants, their counsel, and their witnesses shall not mention, allude to, or seek to elicit any evidence that others may have wanted to kill J.J.G.C. without first approaching the bench and obtaining a ruling from the Court outside of the hearing of the jury that such evidence is admissible.

SIGNED April 15, 2016.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE